1  Matthew L. Sharp, Esq.
**MATTHEW L. SHARP, LTD.**
2  432 Ridge St.
Reno, NV 89501
3  Phone: (775) 324-1500
Email: matt@mattsharplaw.com
4
*Attorneys for Plaintiff*
5
[**Additional Counsel Listed Below**]
6

7  **UNITED STATES DISTRICT COURT**

8  **DISTRICT OF NEVADA**

9

10  MICHAEL RUTH, Derivatively on
Behalf of CANNAVEST CORP.,          Case No.:

11          Plaintiff,

12  v.

13  MICHAEL MONA, JR., BART P.
MACKAY, and LARRY RASKIN,          **VERIFIED SHAREHOLDER**
14                                   **DERIVATIVE COMPLAINT**

15          Defendants,              **JURY DEMANDED**

16  and

17

18  CANNAVEST CORP.,

19          Nominal Defendant.

20

21      Plaintiff Michael Ruth ("Plaintiff"), by and through his undersigned counsel,

22  derivatively on behalf of Nominal Defendant CannaVest Corp. ("CannaVest" or the

23  "Company"), submit this Verified Shareholder Derivative Complaint (the "Complaint").

24  Plaintiff's allegations are based upon his personal knowledge as to himself and his own

25  acts, and upon information and belief, developed from the investigation and analysis by

26  Plaintiff's counsel, including a review of publicly available information, including

27  filings by CannaVest with the U.S. Securities and Exchange Commission ("SEC"), press

28

1

releases, news reports, analyst reports, investor conference transcripts, publicly available filings in lawsuits, and matters of public record.

## NATURE OF THE ACTION

1.     This is a shareholder derivative action brought in the right, and for the benefit, of CannaVest against certain of its officers and directors seeking to remedy the Individual Defendants' (as defined below) breach of fiduciary duties and gross mismanagement that occurred from May 20, 2013 through the present (the "Relevant Period") and have caused substantial harm to CannaVest.

## JURISDICTION

2.     This Court has jurisdiction over the claims asserted herein under 28 U.S.C. §1332 because there is complete diversity among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.     Venue is proper in this Court because the Company maintains its executive office in this county, a substantial portion of the transactions and wrongs complained of herein occurred in this county, and the Individual Defendants have received substantial compensation in this county by doing business here and engaging in numerous activities that had an effect in this county.

## THE PARTIES

4.     *Plaintiff Michael Ruth* is, and was at relevant times, a shareholder of CannaVest.   Plaintiff will fairly and adequately represent the interests of the shareholders in enforcing the rights of the corporation.  Plaintiff is a resident of the State of Maryland.

5.     *Nominal Defendant CannaVest* manufactures, markets, and sells products containing industrial hemp-based compounds, including cannabidiol (CBD), one of the cannabinoids found in hemp.  CannaVest is incorporated in Delaware and headquartered at 2688 South Rainbow Blvd., Suite B, Las Vegas, Nevada 89146.

6.     *Defendant Michael Mona, Jr.* ("Mona") was, at all relevant times, the President, Chief Executive Officer ("CEO") and a Director of the Company.  Defendant

2

Mona was appointed as President, Secretary and Treasurer of the Company on November 16, 2012, and as a Director on January 28, 2013. Defendant Mona resigned as Secretary and Treasurer, and was appointed as CEO on July 25, 2013. The Company's Vice President of Operations, Michael Mona, III, is the son of Defendant Mona. Defendant Mona is a resident of the State of Nevada.

7. **Defendant Bart P. Mackay** ("Mackay") was, at all relevant times, a Director of the Company. Defendant Mackay owns 16,839,518 shares of Company stock (50.10% of the Company's common stock beneficially owned). Defendant Mackay is the sole manager of Mercia Holdings, LLC and Mai Dun Limited, LLC and the sole shareholder, officer and director of Mackay Ventures Inc., which is the sole member of Mercia Holdings, LLC and Mai Dun Limited, LLC. As of June 27, 2014, Mackay Ventures, Inc. owned 1,100,000 shares of CannaVest's common stock. Mercia Holdings, LLC and Mai Dun Limited, LLC are the sole members of Roen Ventures, LLC. The address of each of Roen Ventures, LLC, Mai Dun Limited, LLC and Mackay Ventures Inc. is S. Rancho Drive, Suite A-7, Las Vegas, Nevada 89106. Defendant Mackay, the sole manager of Roen Ventures, LLC and Mai Dun Limited, LLC and the sole shareholder, officer and director of MacKay Ventures Inc., is deemed to have shared voting and investment power over the shares of our common stock owned by Roen Ventures, LLC, Mai Dun Limited, LLC and Mackay Ventures Inc. Defendant Mackay is a member of the Compensation Committee. Defendant Mackay is a resident of the State of Nevada.

8. **Defendant Larry Raskin** ("Raskin") was appointed a Director of the Company on May 7, 2014. Defendant Raskin is a member of the Compensation Committee. Defendant Raskin is a resident of North Carolina.

9. Defendants Mona, MacKay, and Raskin are collectively referred to hereinafter as the "Individual Defendants."

///

///

3

## CODE OF BUSINESS CONDUCT AND ETHICS

10.     As members of CannaVest's Board, the Individual Defendants were held to the highest standards of honesty and integrity and charged with overseeing the Company's business practices and policies, and assuring the integrity of its financial and business records.

11.     The conduct of the Individual Defendants complained of herein involves a knowing and culpable violation of their obligations as directors and officers of CannaVest, the absence of good faith on their part, and a reckless disregard for their duties to the Company and its investors that the Individual Defendants were aware posed a risk of serious injury to the Company.

12.     The Company does not have an Audit Committee or a Nominating Committee, or any other committee performing a similar function. The functions of these committees are being undertaken by the Board as a whole.

13.     On June 16, 2014, a Compensation Committee was formed by approval of the Board. The following directors are members of the Compensation Committee: Defendants Mackay and Raskin.

## DUTIES OF THE INDIVIDUAL DEFENDANTS

14.     By reason of their positions as officers and/or directors of the Company, and because of their ability to control the business and corporate affairs of CannaVest, the Individual Defendants owed CannaVest and its investors the fiduciary obligations of trust, loyalty, and good faith. The obligations required the Individual Defendants to use their utmost abilities to control and manage CannaVest in an honest and lawful manner. The Individual Defendants were and are required to act in furtherance of the best interests of CannaVest and its investors.

15.     Each director of the Company owes to CannaVest and its investors the fiduciary duty to exercise loyalty, good faith, and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets. In addition, as officers and/or directors of a publicly held company, the Individual

4

1  Defendants had a duty to promptly disseminate accurate and truthful information with
2  regard to the Company's operations, finances, and financial condition, as well as present
3  and future business prospects, so that the market price of the Company's stock would be
4  based on truthful and accurate information.

5       16.    To discharge their duties, the officers and directors of CannaVest were
6  required to exercise reasonable and prudent supervision over the management, policies,
7  practices, and controls of the affairs of the Company.  By virtue of such duties, the
8  officers and directors of CannaVest were required to, among other things:

9      (a)    ensure that the Company complied with its legal obligations and
10  requirements, including acting only within the scope of its legal authority and
11  disseminating truthful and accurate statements to the SEC and the investing
12  public;

13      (b)    conduct the affairs of the Company in an efficient, businesslike
14  manner so as to make it possible to provide the highest quality performance of its
15  business, to avoid wasting the Company's assets, and to maximize the value of
16  the Company's stock;

17      (c)    properly and accurately guide investors and analysts as to the true
18  financial condition of the Company at any given time, including making accurate
19  statements about the Company's business prospects, and ensuring that the
20  Company maintained an adequate system of financial controls such that the
21  Company's financial reporting would be true and accurate at all times;

22      (d)    remain informed as to how CannaVest conducted its operations, and,
23  upon receipt of notice or information of imprudent or unsound conditions or
24  practices, make reasonable inquiries in connection therewith, take steps to correct
25  such conditions or practices, and make such disclosures as necessary to comply
26  with federal and state securities laws;

27  ///
28  ///

5

(e)     ensure that the Company was operated in a diligent, honest, and prudent manner in compliance with all applicable federal, state and local laws, and rules and regulations; and

(f)     ensure that all decisions were the product of independent business judgment and not the result of outside influences or entrenchment motives.

17.     Each Individual Defendant, by virtue of his position as a director and/or officer, owed to the Company and to its shareholders the fiduciary duties of loyalty, good faith, and the exercise of due care and diligence in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets.  The conduct of the Individual Defendants complained of herein involves a knowing and culpable violation of their obligations as directors and officers of CannaVest, the absence of good faith on their part, and a reckless disregard for their duties to the Company and its shareholders that the Individual Defendants were aware, or should have been aware, posed a risk of serious injury to the Company.

18.     The Individual Defendants breached their duties of loyalty and good faith by causing the Company to issue false and misleading statements concerning the financial condition of the Company.  As a result, CannaVest has expended, and will continue to expend, significant sums of money related to investigations and lawsuits.

## **Materially False and Misleading**
## **Statements Issued During the Period**

19.     On May 20, 2013, Defendants Mona and Mackay caused the Company to file its Form 10-Q for the quarter ended March 31, 2013 ("2013 First Quarter 10-Q") with the SEC.  The Company reported revenues of $1,275,000 on its 2013 First Quarter Form 10-Q.

20.     On August 13, 2013, Defendants Mona and Mackay caused the Company to file its Form 10-Q for the quarter ended June 30, 2013 ("2013 Second Quarter 10-Q") with the SEC.  The 2013 Second Quarter Form 10-Q reported $26,998,125 in goodwill.

21.   On November 14, 2013, Defendants Mona and Mackay caused the Company to file its Form 10-Q for the quarter ended September 30, 2013 ("2013 Third Quarter 10-Q") with the SEC.   The 2013 Third Quarter Form 10-Q reported an impairment of goodwill in the amount of $26,998,125.

22.   The above statements in the Form 10-Qs were materially false and misleading when made because they misrepresented and failed to disclose the following adverse facts, which were known to Defendants Mona and Mackay or recklessly disregarded by them:  (a) that the Company was misrepresenting and inflating its sales; and (b) that the Company was misrepresenting and exaggerating its amount of goodwill.

### THE TRUTH IS REVEALED

23.   On April 3, 2014, Defendants Mona and Mackay caused the Company to file a Form 8-K with the SEC announcing that it had misreported its financials on the Form 10-Qs for the quarters ended March 31, 2013, June 30, 2013, and September 30, 2013, and as such, the 2013 First, Second, and Third Quarter 10-Qs could no longer be relied upon.  More specifically, the Company press release stated in part:

> The Company has determined that it is necessary to correct such errors because the allocation methodology used by management, resulting carrying amount of intangible assets and goodwill, and the resulting amortization cost and goodwill impairment were not in accordance with GAAP. Further, sales and cost of sales for the quarter ended March 31, 2013 were misstated.  The Company will restate the Company's Quarterly Reports on Form 10-Q for the quarters ended March 31, 2013, June 30, 2013, and September 30, 2013.

24.   In reaction to this adverse disclosure, on April 3, 2014 shares of the Company's stock fell $7.30 per share, or more than 20% to close at $25.30 per share.

25.   On April 14, 2014, Defendants Mona and Mackay caused the Company to file an Amended Form 8-K, stating in greater detail the misrepresentations.  The Amended Form 8-K disclosed, among other errors, that:

7

Goodwill was reported as $26,998,125 at March 31, 2013 and June 30, 3013 [sic], in the condensed consolidated balance sheets with an impairment of goodwill in the amount of $26,998,125 recorded in the condensed consolidated statement of operations for the quarter ended September 30, 2013. Goodwill will be restated as $1,855,512 and there will be no impairment to goodwill recorded. Therefore, as restated, goodwill will be reported as $1,855,512 on the condensed consolidated balance sheets as of March 31, 2013, June 30, 2013 and September 30, 2013.

\* \* \*

In addition to the adjustments to the Transaction accounting, sales and cost of sales for the quarter ended March 31, 2013 were misstated. Sales originally were reported as $1,275,000 will be restated to $1,082,375, representing a reduction of $192,625. This amount is being restated to correct an error whereby the sales value of good transferred for manufacturing was included in sales.

26.     After this disclosure, shares of the Company's stock fell again, this time by $4.49 per share, or 19.5%, to close at $18.51 per share.

27.     Defendants Mona and MacKay's proffered reasons for overstating goodwill by more than 1300%, and sales by more than 17%, are simply not credible.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

28.     Plaintiff brings this action derivatively in the right and for the benefit of the Company to redress injuries suffered and to be suffered as a direct and proximate result of the breaches of fiduciary duties and gross mismanagement by the Individual Defendants.

29.     Plaintiff will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights and has retained counsel competent and experienced in derivative litigation.

///

30.     Plaintiff is a current owners of the Company stock and have continuously been an owner of Company stock during all times relevant to the Individual Defendants' wrongful course of conduct alleged herein. Plaintiff understands his obligation to hold stock throughout the duration of this action and are prepared to do so.

31.     During the illegal and wrongful course of conduct at the Company and through the present, the Board consisted of the Individual Defendants. Because of the facts set forth throughout this Complaint, demand on the Company Board to institute this action is not necessary because such a demand would have been a futile and useless act.

32.     The Company Board is currently comprised of three (3) members – Defendants Mona, MacKay, and Raskin. Thus, Plaintiff is required to show that a majority of the Demand Defendants, *i.e.*, two (2), cannot exercise independent objective judgment about whether to bring this action or whether to vigorously prosecute this action.

33.     Defendants Mona and Mackay face a substantial likelihood of liability in this action because they caused the Company to issue false and misleading statements concerning its financial results and future prospects. Because of their advisory, executive, managerial, and directorial positions with the Company, Defendants Mona and Mackay had knowledge of material non-public information regarding the Company and was directly involved in the operations of the Company at the highest levels.

34.     Defendants Mona and Mackay either knew or should have known of the false and misleading statements that were issued on the Company's behalf and took no steps in a good faith effort to prevent or remedy that situation.

35.     The Individual Defendants (or at the very least a majority of them) cannot exercise independent objective judgment about whether to bring this action or whether to vigorously prosecute this action. For the reasons that follow, and for reasons detailed elsewhere in this complaint, Plaintiff has not made (and should be excused from

///

1    making) a pre-filing demand on the Board to initiate this action because making a
2    demand would be a futile and useless act.

3        36.    Defendants Mona and Mackay approved and/or permitted the wrongs
4    alleged herein to have occurred and participated in efforts to conceal or disguise those
5    wrongs from the Company's stockholders or recklessly and/or with gross negligence
6    disregarded the wrongs complained of herein, and are therefore not disinterested parties.

7        37.    Defendants Mona and Mackay authorized and/or permitted the false
8    statements to be disseminated directly to the public and made available and distributed
9    to shareholders, authorized and/or permitted the issuance of various false and misleading
10   statements, and are principal beneficiaries of the wrongdoing alleged herein, and thus,
11   could not fairly and fully prosecute such a suit even if they instituted it.

12       38.    Because of their participation in the gross dereliction of fiduciary duties,
13   and breaches of the duties of due care, good faith, and loyalty, Defendants Mona and
14   Mackay are unable to comply with their fiduciary duties and prosecute this action. They
15   are in a position of irreconcilable conflict of interest in terms of the prosecution of this
16   action and defending themselves in the securities fraud class action lawsuit brought
17   under the Securities Exchange Act of 1934.

18       39.    Additionally, each of the Individual Defendants received payments,
19   benefits, stock options, and other emoluments by virtue of their membership on the
20   Board and their control of the Company.

21   **The Individual Defendants Are Not Independent or Disinterested**
22   **Defendant Mona**

23       40.    Defendant Mona is not disinterested or independent, and therefore, is
24   incapable of considering demand because Defendant Mona (as President and Chief
25   Executive Officer) is an employee of the Company who derives substantially all of his
26   income from his employment with CannaVest, making him not independent. As such,
27   Defendant Mona cannot independently consider any demand to sue himself for
28   ///

1   breaching his fiduciary duties to CannaVest, because that would expose him to liability
2   and threaten his livelihood.

3        41.     Accordingly, Defendant Mona lacks independence from Defendants
4   Mackay and Raskin, defendants who are not disinterested and who exert influence over
5   defendant Mona's compensation by virtue of their positions as representing the entire
6   Compensation Committee.

7        42.     This lack of independence and financial benefits received by Defendant
8   Mona renders him incapable of impartially considering a demand to commence and
9   vigorously prosecute this action.

10        43.     Defendant Mona owns 2,250,000 shares (6.69% of the beneficially owned
11   shares) of Company stock.  Further, Defendant Mackay is the sole manager of Mai Dun
12   Limited, LLC, which owns 5,739,518 shares of Company stock (17.07 % of beneficially
13   owned shares).  Defendant Mackay is the sole manager of Roen Ventures, LLC, which
14   owns 10,000,000 shares of Company stock (29.75 % of beneficially owned shares).
15   Where, as here, the controlling shareholder is a named defendant, demand futility is
16   presumed.  *Abbe v. Goss*, 411 F. Supp. 923, 924-25 (S.D.N.Y.1975) (demand on
17   directors excused where three defendants owned 44% of the outstanding shares); *In re*
18   *Penn Central Sec. Litig.*, 367 F. Supp. 1158, 1164-65 (E.D. Pa. 1973) (demand on
19   directors excused where one defendant owned 80% of outstanding shares) *Clark v.*
20   *Lomas & Nettleton Fin. Corp.*, 625 F.2d 49, 53 (5th Cir. 1980) ("Where, as here, the
21   controlling shareholders are named defendants, demand "futility" is presumed.").

22        44.     Further, on March 1, 2013, the Company issued a Promissory Note (the
23   "Note") to Roen Ventures, LLC, in exchange for loans provided and to be provided in
24   the future in an amount of up to $2,000,000, subsequently increased to $6,000,000.

25        45.     As of December 31, 2013, the principal balance of the Note was
26   $6,092,069. On January 27, 2014, the Company converted $6,000,000 of the Note
27   balance into 10,000,000 shares of common stock of the Company pursuant to the terms
28   of the Note, as amended.

46.     On January 28, 2014, the Company repaid Roen Ventures accrued interest on the Note in the amount of $187,453 and principal under the Note in the amount of $92,069.

47.     Also, on March 8, 2008, Far West Industries ("Far West") sued Michael J. Mona, Jr., President and Chief Executive Officer of the Company and others for damages resulting from fraud arising out of a land transaction in California (the "California Action").  On February 23, 2012, a judgment was entered in the California Action in favor of Far West against Mona and others in the amount of $17,777,562.  On October 18, 2012, the judgment in the California Action was domesticated in Nevada and enforcement proceedings commenced including, but not limited to an examination of Mr. Mona as a judgment debtor, and garnishments of various accounts belonging to Mona.  During the period, Mona loaned $3,000,000 to Roen Ventures, which was subsequently loaned to the Company.  The suit alleges that the loan transactions were intended to prejudice creditors like Far West by concealing and wasting assets that would otherwise be available to satisfy the judgment that Far West has against Mona. Pursuant to a Second Amendment Complaint filed by Far West Industries on February 20, 2014, the Company was added as a defendant to the suit.  On March 17, 2014, the Company was served with a complaint from Far West Industries.  In summary, Far West alleges that the Company is in possession of funds as a result of an allegedly fraudulent transfer between Mona, Roen Ventures, LLC, and the Company.  On May 13, 2014, a motion to dismiss filed by the Company was granted and thus, the Company will no longer be a defendant in the lawsuit.

**Defendant Mackay**

48.     Defendant Mackay owns 16,839,518 shares (50.10 % of the beneficially owned shares) of Company stock.  Where, as here, the controlling shareholder is a named defendant, demand futility is presumed.  *Abbe*, 411 F. Supp. at 924-25; *In re Penn Central*, 367 F. Supp. at 1164-65 (E.D. Pa. 1973); *Clark*, 625 F.2d at 53. ///

12

49.     Further, a pre-suit demand on the Board is futile, and therefore, excused. This is because the Defendants Mona and Mackay face a sufficiently substantial likelihood of liability in the securities class action.

**Defendant Raskin**

50.     Defendant Raskin owns 400,000 shares (1.19% of beneficially owned shares) of Company stock.

## FIRST CAUSE OF ACTION

### Against The Individual Defendants for Breach of Fiduciary Duties

51.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

52.     The Individual Defendants owe the Company fiduciary obligations. By reason of their fiduciary relationships, the Individual Defendants owed and owe the Company the highest obligation of good faith, fair dealing, loyalty, and due care.

53.     The Individual Defendants violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, and good faith.

54.     The Individual Defendants engaged in a sustained and systematic failure to properly exercise their fiduciary duties. Among other things, the Individual Defendants breached their fiduciary duties of loyalty and good faith by allowing the Company to improperly misrepresent the Company's publicly reported financials. These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

55.     As a direct and proximate result of the Individual Defendants' failure to perform their fiduciary obligations, the Company has sustained significant damages. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

56.     As a direct and proximate result of the Individual Defendants' breach of their fiduciary duties, the Company has suffered damage, not only monetarily, but also to its corporate image and goodwill. Such damage includes, among other things, costs

13

1   associated with defending securities lawsuits, severe damage to the share price of the
2   Company, resulting in an increased cost of capital, the waste of corporate assets, and
3   reputational harm.

### SECOND CAUSE OF ACTION

### Against The Individual Defendants for Gross Mismanagement

6        57.    Plaintiff incorporate by reference and re-alleges each allegation contained
7   above, as though fully set forth herein.

8        58.    By their actions alleged herein, the Individual Defendants, either directly or
9   through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary
10  duties with regard to prudently managing the assets and business of the Company in a
11  manner consistent with the operations of a publicly held corporation.

12       59.    As a direct and proximate result of the Individual Defendants' gross
13  mismanagement and breaches of duty alleged herein, the Company has sustained
14  significant damages in excess of hundreds of millions of dollars.

15       60.    Because of the misconduct and breaches of duty alleged herein, the
16  Individual Defendants are liable to the Company.

### REQUEST FOR RELIEF

18  **WHEREFORE**, Plaintiff demands judgment as follows:

19       1.    Determining that this action is a proper derivative action maintainable
20  under law, and that demand is excused;

21       2.    Awarding, against all the Individual Defendants and in favor of the
22  Company, the damages sustained by the Company as a result of Defendants' breaches of
23  their fiduciary duties;

24       3.    Directing the Company to take all necessary actions to reform and improve
25  its corporate governance and internal procedures, to comply with the Company's
26  existing governance obligations and all applicable laws and to protect the Company and
27  its investors from a recurrence of the damaging events described herein;

28  ///

14

1    4.    Awarding to Plaintiff the costs and disbursements of the action, including

2  reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

3    5.    Granting such other and further relief as the Court deems just and proper.

4                                **JURY DEMAND**

5    Plaintiff demands a trial by jury on all issues so triable.

6  Dated: March 17, 2015

7                        Respectfully submitted,

8                        **MATTHEW L. SHARP, LTD.**

9
                         By:      /s/ Matthew L. Sharp
10                                Matthew L. Sharp, Esq.
                         432 Ridge St.
11                       Reno, NV 89501
                         Phone: (775) 324-1500
12                       Email: matt@mattsharplaw.com

13                       Thomas J. McKenna
                         Gregory M. Egleston
14                       **GAINEY McKENNA & EGLESTON**
                         440 Park Avenue South, 5th Floor
15                       New York, New York 10016
                         Phone: (212) 983-1300
16                       Fax: (212) 983-0383
                         Email: tjmckenna@gme-law.com
17                       Email: gegleston@gme-aw.com

18                       *Counsel for Plaintiff*

19

20

21

22

23

24

25

26

27

28

                                    15

## VERIFICATION

I, Michael Ruth, declare that I have reviewed the Verified Shareholder Derivative Complaint ("Complaint") prepared on behalf of CannaVest Corp. and authorize its filing. I have reviewed the allegations made in the Complaint, and to those allegations of which I have personal knowledge, I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely on my counsel and their investigation and for that reason believe them to be true. I further declare that I am a current holder, and have been a holder, of CannaVest Corp. common stock at all relevant times.

| | |
|---|---|
| 3-16-2015 | *Michael W. Ruth* |
| Date | Name |

1