Matthew L. Sharp, Esq.
Nevada Bar No. 4746
**MATTHEW L. SHARP, LTD.**
432 Ridge Street
Reno, NV 89501
Phone: (775) 324-1500
Email: matt@mattsharplaw.com

*Attorneys for Plaintiffs*

[*Additional Counsel Listed Below*]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL RUTH, and OTILDA LAMONT, Derivatively on Behalf of CANNAVEST CORP., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL MONA, JR., BART P. MACKAY, and LARRY RASKIN, <br><br> Defendants, <br><br> and <br><br> CANNAVEST CORP., now known as CV SCIENCES, INC. <br><br> Nominal Defendant. | Case No.: 2:15-cv-00481-RFB-VCF <br><br> **STIPULATION AND [PROPOSED] ORDER CONCERNING A STAY OF THE ACTION, AND DISCOVERY** |

WHEREAS plaintiffs, Michael Ruth and Otilda Lamont ("Plaintiffs"), brought the above-captioned consolidated action (the "Action"), derivatively on behalf of CannaVest Corp., now known as CV Sciences, Inc. ("CV Sciences" or the "Company"), alleging violations of law and breaches of fiduciary duty against certain of the Company's current and former officers and directors (collectively with

1  CV Sciences "Defendants") (Plaintiffs and Defendants are collectively referred to
2  herein as the "Parties");

3  WHEREAS, by Order dated January 11, 2016, (D.E. 34), Judge Boulware ordered that the current Action shall continue to be stayed pending a resolution of the motion to dismiss in a related action pending in the United States District Court for the Southern District of New York styled as *In re: CannaVest Corp., Securities Litigation,* Case No. 14-cv-2900 (hereafter, the "New York Federal Securities Action");

WHEREAS, in the New York Federal Securities Action the lead plaintiff filed a consolidated complaint on September 14, 2015, and Defendants responded with a motion to dismiss on December 11, 2015;

WHEREAS, the lead plaintiff in the New York Federal Securities Action served its Opposition to Defendants' Motion to Dismiss on March 21, 2016;

WHEREAS, the Defendants' motion to dismiss the New York Federal Securities Action was fully briefed, with all papers having been docketed on September 30, 2016;

WHEREAS, on March 31, 2018, the Court in the New York Federal Securities Action issued its written opinion denying in part and granting in part the motion to dismiss;

WHEREAS, the answer of the remaining defendants in the New York Federal Securities Action was filed on April 30, 2018;

WHEREAS, an action was filed by the Securities and Exchange Commission ("SEC") on June 15, 2017 against CannaVest Corp. and Michael J. Mona, Jr., two defendants in the instant action, in the United States District Court of Nevada, Civil Action No. 2-17-cv-01681 ("SEC Action");

WHEREAS, the SEC Action has been settled pursuant to a Stipulated/Consent Judgment which was granted on June 1, 2018;

WHEREAS, a second amended shareholder derivative complaint was filed in this Action on May 30, 2018;

WHEREAS, there are no motions presently pending in this Action before this Court;

WHEREAS, while Plaintiffs continue to believe the Action has merit independent of and are not dependent on the ultimate outcome of the New York Federal Securities Action, the Parties agree that the discovery taken in the New York Federal Securities Action will be relevant to the Action and that further developments in the New York Federal Securities Action are relevant to the alleged damages in the Action and may help inform the manner in which the Action proceeds;

WHEREAS, the Parties have met and conferred concerning the most efficient manner in which to proceed with this Action brought on behalf of CV Sciences; and

WHEREAS, the Parties agree that the interests of efficient and effective case management would best be served by (1) temporarily staying the Action and any other related derivative actions in this Court until the close of fact discovery in the New York Federal Securities Action, and (2) sharing all discovery generated in the New York Federal Securities Action with Plaintiffs in the Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by Plaintiffs and Defendants, through their undersigned counsel of record and subject to approval of the Court, as follows:

1. All proceedings in this Action and any related derivative actions in this court shall be stayed until the earlier of (i) the close of fact discovery in the New York Federal Securities Action, or (ii) the deadline for appealing a dismissal of the New York Federal Securities Action with prejudice, but that (iii) any of the Parties to this Stipulation can request that the Court lift the voluntary stay upon good cause shown by giving the other Party a ten (10) day notice that they believe that good cause exists to lift the voluntary stay of the Action and thereafter bringing the matter to the Court's attention and requesting that the stay of the Action be lifted.

2. Within thirty (30) days after either the close of fact discovery in the New York Federal Securities Action, or the deadline for appealing a dismissal of

1  the New York Federal Securities Action with prejudice (whichever occurs first), the Parties in this Action will meet and confer in good faith to determine a schedule for the Action going forward and will submit a proposed scheduling stipulation for this Court's review and approval.

3. Defendants shall make available to Plaintiffs, subject to entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all documents and written responses to discovery requests produced to the New York Federal Securities Action plaintiffs in the form and manner in which such documents are produced to the New York Federal Securities Action plaintiffs; (ii) all written agreements regarding the scope of discovery to be produced by defendants in the New York Federal Securities Action; and (iii) all deposition transcripts generated in the New York Federal Securities Action. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery. Defendants will provide the materials set forth herein to Plaintiffs within ten (10) business days of providing them to the New York Federal Securities Action plaintiffs in the case of (i) and (ii), and within ten (10) business days of receiving the final transcript in the case of (iii).

4. Plaintiffs agree that, prior to a finding at the pleadings stage that Plaintiffs have adequately alleged demand futility, documents and information obtained pursuant to this stipulation shall not be used to supplement Plaintiffs' allegations of demand futility absent an order of the Court permitting such use. Plaintiffs agree not to use the existence of this stipulation, the substance of any documents or discovery produced pursuant to this Stipulation, and/or any documents or information obtained or developed as a result of any documents or discovery produced pursuant to this Stipulation as support for any argument that Plaintiffs are otherwise entitled to use the documents to supplement allegations of demand futility.

5. Notwithstanding the stipulated stay, Plaintiffs shall be permitted to file an amended complaint during the pendency of the stay, subject to the provisions in

paragraph 4 above. Defendants shall be under no obligation to respond to any complaint while the stay is in effect.

6. If Defendants engage in mediation in the New York Federal Securities Action, Defendants agree to provide Plaintiffs with reasonable advance notice of the mediation and shall invite Plaintiffs to participate in that mediation subject to the consent of the plaintiffs in the New York Federal Securities Action.

7. If Defendants provide documents to the New York Federal Securities Action plaintiffs in connection with a mediation or settlement discussions, Defendants agree to provide the same documents to Plaintiffs in this Action on the same terms they are provided to the New York Federal Securities Action plaintiffs, subject to the provisions of paragraph 4 above.

8. Counsel for Defendants will notify Plaintiffs' counsel if Defendants are served with any other shareholder derivative actions initiated on behalf of CV Sciences based on the same or a similar set of facts as those alleged in this Action, and Plaintiffs' counsel shall notify Defendants' counsel in the event Plaintiffs' counsel becomes aware of any other shareholder derivative actions initiated on behalf of CV Sciences based on the same or a similar set of facts as those alleged in this Action.

9. In the event that any documents are produced to any other CV Sciences shareholder who has filed a shareholder derivative action on behalf of CV Sciences or demanded the inspection of books and records of CV Sciences, based on the same or a similar set of facts as those alleged in this Action, Defendants agree to produce those documents to Plaintiffs.

10. The provision of discovery materials pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a demurrer, motion to dismiss, or other appropriate challenge, arguing that Plaintiffs fail to adequately plead demand futility or make a pre-suit demand, or Defendants' right to argue that Plaintiffs are not entitled to conduct formal discovery prior to establishing that they have adequately alleged standing.

11. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to pursue and/or oppose formal discovery and/or file any motion any party deems appropriate once this case is no longer temporarily stayed.

12. Within thirty (30) days of the expiration of the stay described above, the Parties shall jointly submit to the Court a proposed schedule for further proceedings in this action.

**IT IS SO STIPULATED.**

DATED this 20th day of June 2018.

| **MATTHEW L. SHARP, LTD.** | **PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP** |
|---|---|
| By: /s/*Matthew L. Sharp*<br>Matthew L. Sharp<br>432 Ridge Street<br>Reno, NV 89501<br>Phone: (775) 324-1500<br>Email: matt@mattsharplaw.com | By: /s/*Sean Sullivan*<br>S. Todd Neal (admitted *Pro Hac Vice*)<br>Sean M. Sullivan (admitted *Pro Hac Vice*)<br>525 B. Street, Suite 2200<br>San Diego, CA 92101<br>todd.neal@procopio.com<br>sean.sullivan@procopio.com |
| And | And |
| **GAINEY McKENNA & EGLESTON**<br>Thomas J. McKenna (admitted *Pro Hace Vice)*<br>440 Park Avenue South, 5th Floor<br>New York, New York 10016<br>Phone: (212) 983-1300<br>Fax: (212) 983-0383<br>Email: tjmckenna@gme-law.com<br><br>*Counsel for Plaintiffs* | **JOLLEY URGA WOODBURY & LITTLE**<br>William R. Urga (Nev. Bar 1195)<br>3800 Howard Hughes Parkway<br>Wells Fargo Tower, Sixteenth Floor<br>Las Vegas, Nevada 89169<br>Telephone: 702.699.7500<br>Facsimile: 702.699.7555<br>E-mail: wru@juww.com<br><br>*Counsel for Defendants* |

## **PROOF OF SERVICE**

I am not a party to the above case and am over eighteen years old. On June 20, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the District of Nevada, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 20, 2018, at Reno, Nevada.

*/s/ Cristin B. Sharp*
An employee of Matthew L. Sharp, Ltd.

Matthew L. Sharp, Esq.
Nevada Bar No. 4746
**MATTHEW L. SHARP, LTD.**
432 Ridge St.
Reno, NV 89501
Phone: (775) 324-1500
Email: matt@mattsharplaw.com

*Attorneys for Plaintiffs*

[*Additional Counsel Listed Below*]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL RUTH, and OTILDA LAMONT, Derivatively on Behalf of CANNAVEST CORP., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL MONA, JR., BART P. MACKAY, and LARRY RASKIN, <br><br> Defendants, <br><br> and <br><br> CANNAVEST CORP., now known as CV SCIENCES, INC., <br><br> Nominal Defendant. | Case No.: 2:15-cv-00481-RFB-VCF <br><br><br> **[PROPOSED] ORDER GRANTING STIPULATION CONCERNING A STAY OF THE ACTION, AND DISCOVERY** |

Pursuant to the Parties' Stipulation, IT IS HEREBY ORDERED THAT:

1. All proceedings in this Action and any related derivative actions in this court shall be stayed until the earlier of (i) the close of fact discovery in the New York Federal Securities Action, or (ii) the deadline for appealing a dismissal of the New York Federal Securities Action with prejudice, but that (iii) any of the Parties to this Stipulation can request that the Court lift the voluntary stay upon good cause shown by

1

giving the other Party a ten (10) day notice that they believe that good cause exists to lift the voluntary stay of the Action and thereafter bringing the matter to the Court's attention and requesting that the stay of the Action be lifted.

2. Within thirty (30) days after either the close of fact discovery in the New York Federal Securities Action, or the deadline for appealing a dismissal of the New York Federal Securities Action with prejudice (whichever occurs first), the Parties in this Action will meet and confer in good faith to determine a schedule for the Action going forward and will submit a proposed scheduling stipulation for this Court's review and approval.

3. Defendants shall make available to Plaintiffs, subject to entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all documents and written responses to discovery requests produced to the New York Federal Securities Action plaintiffs in the form and manner in which such documents are produced to the New York Federal Securities Action plaintiffs; (ii) all written agreements regarding the scope of discovery to be produced by defendants in the New York Federal Securities Action; and (iii) all deposition transcripts generated in the New York Federal Securities Action. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery. Defendants will provide the materials set forth herein to Plaintiffs within ten (10) business days of providing them to the New York Federal Securities Action plaintiffs in the case of (i) and (ii), and within ten (10) business days of receiving the final transcript in the case of (iii).

4. Plaintiffs agree that, prior to a finding at the pleadings stage that Plaintiffs have adequately alleged demand futility, documents and information obtained pursuant to this stipulation shall not be used to supplement Plaintiffs' allegations of demand futility absent an order of the Court permitting such use. Plaintiffs agree not to use the existence of this stipulation, the substance of any documents or discovery produced pursuant to this Stipulation, and/or any documents or information obtained or developed as a result of any documents or discovery produced pursuant to this Stipulation as

1 support for any argument that Plaintiffs are otherwise entitled to use the documents to supplement allegations of demand futility.

3     5. Notwithstanding the stipulated stay, Plaintiffs shall be permitted to file an amended complaint during the pendency of the stay, subject to the provisions in paragraph 4 above. Defendants shall be under no obligation to respond to any complaint while the stay is in effect.

    6. If Defendants engage in mediation in the New York Federal Securities Action, Defendants agree to provide Plaintiffs with reasonable advance notice of the mediation and shall invite Plaintiffs to participate in that mediation, subject to the consent of the plaintiffs in the New York Federal Securities Action.

    7. If Defendants provide documents to the New York Federal Securities Action plaintiffs in connection with a mediation or settlement discussions, Defendants agree to provide the same documents to Plaintiffs in this Action on the same terms they are provided to the New York Federal Securities Action plaintiffs, subject to the provisions of paragraph 4 above.

    8. Counsel for Defendants will notify Plaintiffs' counsel if Defendants are served with any other shareholder derivative actions initiated on behalf of CV Sciences based on the same or a similar set of facts as those alleged in this Action, and Plaintiffs' counsel shall notify Defendants' counsel in the event Plaintiffs' counsel becomes aware of any other shareholder derivative actions initiated on behalf of CV Sciences based on the same or a similar set of facts as those alleged in this Action.

    9. In the event that any documents are produced to any other CV Sciences shareholder who has filed a shareholder derivative action on behalf of CV Science, or demanded the inspection of books and records of CV Science, based on the same or a similar set of facts as those alleged in this Action, Defendants agree to produce those documents to Plaintiffs.

    10. The provision of discovery materials pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a demurrer arguing

3

that Plaintiffs fail to adequately plead demand futility or make a pre-suit demand, or Defendants' right to argue that Plaintiffs are not entitled to conduct formal discovery prior to establishing that he adequately alleges standing.

11. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to pursue and/or oppose formal discovery and/or file any motion any party deems appropriate once this case is no longer temporarily stayed.

12. Within thirty (30) days of the expiration of the stay described above, the Parties shall jointly submit to the Court a proposed schedule for further proceedings in this action.

IT IS SO ORDERED.

DATED: __July 17, 2018_____        _____
                                                            RICHARD F. BOULWARE, II
                                                            UNITED STATES DISTRICT JUDGE